## 11523

### DAVIS-McGEE MULE CO. v. MARETT, SHERIFF

#### (123 S. E., 323)

1. APPEAL AND ERROR—APPEAL MUST BE FROM FINAL JUDGMENT.—No appeal can be made except from a final judgment.

2. APPEAL AND ERROR—ORDER GRANTING NEW TRIAL BASED SOLELY ON LAW IS APPEALABLE.—An order granting a new trial is appealable, when based solely on law.

3. REPLEVIN—VERDICT HELD SO DEFECTIVE AS TO REQUIRE NEW TRIAL.— In an action for claim and delivery, a verdict, "We find for defendant," held to require new trial on the ground that it did not call for a return to defendant of property in dispute, and, if a return thereof cannot be had, for value thereof.

Before WILSON, J., Anderson, 1923. Affirmed.

Action in claim and delivery by Davis-McGee Mule Company against W. O. Marett, Sheriff. From an order granting new trial because of defective verdict, the defendant appeals.

The circuit order follows:

"This case comes before me on a motion for a new trial by plaintiff from a verdict of the jury in the following form: 'We find for defendant.' After argument of counsel, it is ordered that a new trial be granted on the ground that the verdict as rendered was defective in that the verdict did not call for a return to the defendant of the property

in dispute, and, if a return thereof cannot be had, then for the value thereof, as held in the case of *Archer v. Long,* 32 S. C., 171; 11 S. E., 86."

*Mr. L. W. Harris, Solicitor,* and *J. S. Acker,* for appellant, cite: *Replevin will not lie for property in custody of law:* 2 N. & McC., 456; 23 R. C. L., 877; 15 R. C. L., 416; 118 S. E., 301. *Car used in violation of law properly forfeited:* 41 Sup Ct., 189; 110 S. E., 385; 108 S. C., 260; 93 S. E., 193; 53 S. E., 543; 29 S. E., 401; Act 1917, 69; Article 27. *Sheriff was only custodian pending sale:* 25 S. C., 416.

*Messrs. K. P. Smith* and *Harold Dean,* for respondent, cite: *When order granting new trial is appealable:* 108 S. C., 486; 120 S. C., 235. *Verdict insufficient:* 32 S. C., 171; 30 S. C., 328; 19 S. C., 489; 42 S. C., 121. *Act of mortgagor could not destroy rights of mortgagee:* 107 S. C., 545; 73 S. C., 111.

June 9, 1924.

The opinion of the Court was delivered by MR. JUSTICE WATTS.

This is an appeal from an order of Judge Wilson granting a new trial in the case.

The exceptions are overruled and judgment affirmed.

1-3    No appeal can be made except from a final judgment. Order granting new trial is appealable when based solely upon law. But in the instant case judgment is affirmed on grounds set forth by the Circuit Judge.

Affirmed.

MR. CHIEF JUSTICE GARY and MR. JUSTICE FRASER concur.

MR. JUSTICE COTHRAN (dissenting): I think that the demurrer, the motion for nonsuit, and the motion for a directed verdict were properly overruled. They were each made upon the same grounds substantially as follows: (1) That the property being in *custodia legis* was not subject

to an action of claim and delivery; (2) that the action was virtually against the State, which cannot be sued without its consent.

As to the first ground: The remedy was recognized in the case of *Seignious v. Limehouse*, 107 S. C., 545; 93 S. E., 193, although the point now raised was not presented in that case. When the statute does not prohibit the proceeding by claim and delivery, and supplies no proceeding by which the owner of property seized and claimed to have been forfeited may have an opportunity to resist the forfeiture, the remedy is open. *Moore v. Ewbanks*, 66 S. C., 374; 44 S. E., 971; 15 R. C. L., 417; 20 L. R. A. (N. S.), 1121 (note); 17 Ann. Cas., 302 (note); *In re Massey*, 56 Kan., 120; 42 Pac., 365.

As to the second ground: The amendment to the Act of 1917, cited by appellant, by the Act of 1919, set out in Section 885, Criminal Law 1922, declares a forfeiture to the county, and not to the State as formerly; leaving no ground for the appellant's contention.

As to the order granting a new trial: The order was granted upon the ground that the verdict not being in the alternative was void.

In the case of *Wilkins v. Willimon* (S. C.), 122 S. E., 503, it is held that there is nothing in Code Civ. Proc., 1922, § 542, which requires the verdict to be in the alternative; that is, for the possession of the property or for its value stated, in case delivery cannot be had; that what the statute requires is that under certain conditions "the jury must assess the value of the property" along with their verdict for one party or the other; and that the judgment under Section 600 shall conform to the facts developed.

The jury found for the defendant; the form of the verdict being simply, "We find for the defendant." The plaintiffs having taken possession of the property, if the defendant had in his answer claimed a return of the property, the verdict should have been:

"We find for the defendant the recovery of the possession of the property described in the complaint, the value of which is assessed at $—— (no damages having been claimed)." See condition 1 in *Wilkins v. Willimon.*

The requirement of the statute that the jury shall assess the value of the property in the event that they find for the defendant becomes imperative only where the defendant has demanded a return of the property in his answer, and the jury has found that he was entitled to a return of it; neither of which conditions existed in the case at bar. He did not demand a return, and the jury did not find that he was entitled to it, as they could not have done under the pleadings. As the Court says in the case of *Finley v. Cudd,* 42 S. C., 121; 20 S. E., 32, "The words * * * require an alternative verdict only where the defendant is entitled to a return of the property, which is not the case here." (I think that it would have been more accurate to say instead of "an alternative verdict," an assessment of the value of the property.)

I think that the defendant got exactly what he was entitled to under the pleadings: "We find for the defendant." He did not demand a return in his answer; therefore, the jury was not required to assess the value of the property; he was not entitled to a return without demanding it; therefore, the jury was not required to give it to him.

The new trial was granted upon the ground that the verdict was not in the alternative. I do not think as stated above that this is ever necessary; and that in the case made the defendant was not entitled to an assessment of the value of the property.

The questions whether or not the verdict is a legal one, and if so what use the defendant can make of it, are not before the Court now for adjudication.

I think, therefore, that the order granting a new trial should be reversed.

MR. JUSTICE MARION concurs.