16508

PADGETT v. SOUTHERN RY. CO. *ET AL.*
(65 S. E. (2d) 297)

354

*Messrs. Hydrick & Hydrick,* of Orangeburg, *for Appellant,*

*Messrs. Moss & Moss,* of Orangeburg, and *Frank G. Tompkins, Jr.,* of Columbia, *for Respondents,*

May 30, 1951.

BAKER, Chief Justice.

This is a companion case to that of *Padgett v. Southern Ry. Co.,* reported in 216 S. C. 487, 58 S. E. (2d) 895, which was an action in tort for the alleged negligence, willfullness and wantonnesss of the respondents here, resulting in the death of the twin brother of this appellant's intestate, who met his death in the same accident, and under the identical circumstances.

Upon the trial of the case now here on appeal, as in the case of *Padgett v. Southern Ry. Co., supra,* the trial Judge struck from the complaint all specifications of negligence, willfullness and wantonness except specification (d) alleging the failure of the respondents to keep a proper lookout for persons using the crossing where the accident occurred; and there is no appeal from such ruling.

The heart of this appeal grows out of the general charge of the trial Judge of the law relating to joint enterprise or venture, as it relates to passengers in an automobile. The question does not relate to the correctness of the principles charged in this connection, but as to the propriety of charging the law relating thereto, and as to his refusal to charge, at appellant's request, that there was no evidence in the case in support of the contention that the driver of the car and appellant's intestate were engaged in a joint enterprise.

The testimony shows, without contradiction, that Ernest Brunson, Jr., was the owner of the automobile in which plaintiff's intestate was riding, and immediately prior to the accident, was driving. Respondents' attorneys, over the objection of attorneys for the appellant, were permitted to offer testimony by one George Martin to the effect that Brunson, plaintiff's intestate, and his brother, were, between four and five o'clock in the afternoon before the accident, which occurred about 5:15 P. M., at an establishment known as the Green Lantern on the Charleston highway; that Brunson asked the witness at said time and place if he wanted

a drink and was told that he did; that Brunson pulled out a half pint bottle and took a drink, and one of the twins (plaintiff's intestate and his brother were identical twins) took a drink; that they invited the party to drink as much as they wanted, that they had more; that after a while one of the twins pulled out another half pint bottle, and it was consumed; that they remained about fifteen minutes longer, and then said they were going to get the bottle filled up. The witness further testified that the Thomas twins were present, and the following occurred:

"Q. The Thomas twins were present? A. Yes, sir. Said, 'We are going to fill up the bottles'. They asked me if I would help them, Ernest Brunson and the two twins, push the car off. I pushed it off, me and the two twins, and that was the last I saw of them."

This witness further testified that Ernest Brunson was under the wheel when the car was pushed off; that when they left the Green Lantern, Ernest Brunson and one of the twins appeared to have been drinking, but that Ernest appeared to be "a little higher" than the rest of them, and that it was bootleg liquor they were drinking. There was no identification of the Thomas twin who was drinking and no testimony to the effect that it was plaintiff's intestate.

The general principle applicable to a joint enterprise, which has the support of the greater weight of authority and the approval of this Court, is as follows: "* * * In order to constitute a joint enterprise so that the negligence of the driver of an automobile may be imputed to an occupant of the car, it is generally held thaat there must be a common purpose and a community of interest in the object of the enterprise and an equal right to direct and control the conduct of each other with respect thereto. In other words, the passenger, as well as the driver, must be entitled to a voice in the control and direction of the vehicle. There must be a community in the object and purpose of the undertaking and an equal right to direct and govern the movements and conduct of each other in respect thereof.

Each must have the control of the means or agencies employed to prosecute the common purpose.. *. *. .*." 5 Am. Jur., Automobiles, Section 501. See also *Funderburk v. Powell*, 181 S. C. 412, 187 S. E. 742 at page 750, and *Long v. Carolina Baking Co.*, 190 S. C. 367, 3 S. E. (2d) 46.

Respondents' testimony above referred to might support the inference that there was a community of object and purpose on the part of plaintiff's intestate and his companions, but it falls far short of supporting an inference to the effect that he had an equal right to direct and govern the movements of the automobile, or any control of it. It follows that the testimony made no issue of fact as to a common enterprise or joint venture, and therefore the charge thereabout was not responsive to any issue raised by the testimony in the case.

Respondents contend that the appellant is estopped to raise this question for the reason that the court was requested by her attorneys to charge the law of joint enterprise. It is true that their second request to charge relates thereto, but, as above referred to, their first request to charge, which was refused by the trial Judge, was a request for a peremptory instruction that there was no evidence to support the contention that the driver of the car and plaintiff's intestate were engaged in a joint enterprise. The exceptions which raise this issue must, therefore, be sustained.

The writer of this opinion, in *Lusk v. State Highway Department*, 181 S. C. 101, 186 S. E. 786, expressed a view as to what should constitute a joint enterprise, which might have warranted the submission of this issue to the jury, but, as will be observed from that opinion, it represented only the writer's views and not the opinion of the other members of the Court.

The testimony of the witness Martin, however, was admissible because it had a bearing upon whether or not the plaintiff's intestate himself was guilty of contributory negligence, recklessness or willfullness.

It may well be that the charge of the trial Judge of the law of joint enterprise did not enter into or in anywise influence the jury in its verdict in favor of the respondents, but it would be surmise and conjecture on our part to hold that this portion of the Judge's charge was harmless error notwithstanding the fact that he correctly charged the law applicable to such an issue and there was no testimony from which a reasonable inference could be drawn that appellant's intestate and the driver of the automobile were so engaged.

Appellant's other exceptions are either without merit or find no support in the record, and are therefore overruled.

In the light of all of the testimony in the record, the holding of the Court in *Padgett v. Southern Ry. Co., supra,* 216 S. C. 487, 58 S. E. (2d) 895, and the last clear chance doctrine which now definitely prevails in this state, it was an issue for the jury to decide if respondents failed to keep a proper lookout for persons crossing the railroad track, and if the failure of the respondents to keep a proper lookout for persons crossing the railroad track at the place of the accident amounted to negligence, and if such negligence was the proximate cause of the death of appellant's intestate. Of course in submitting such issue, the jury would also consider in connection therewith if the appellant's intestate was negligent in failing to use ordinary care, including the exercise of his own senses of sight, hearing and perception to protect himself, and if his failure so to do was the proximate cause of his death, or if his contributory negligence in failing to use ordinary care combining and concurring with the negligence of the respondents was the proximate cause of his death.

For the reasons hereinabove stated, the judgment appealed from is reversed, and the case remanded for a new trial.

FISHBURNE, STUKES, TAYLOR and OXNER, JJ., concur.