### 18242

Robert M. GRAY, by his Guardian Ad Litem, C. A. Gray, Respondent, v. Raymond BARNES, Bradley E. Pou, Morgan F. Livingston, James C. DeLoach, E. D. Bessinger, II, Mrs. Elizabeth Smoak and Reichhold Chemicals, Incorporated, of Whom James C. DeLoach and Reichhold Chemicals, Incorporated, are Appellants.

(137 S. E. (2d) 594)

*Messrs. O. Harry Bozardt, Jr.,* and *P. Frank Haigler,* of Orangeburg, and *J. Edwin Belser,* of Columbia, *for Appellants,*

*Messrs. Bryant & Fanning,* of Orangeburg, and *Kearse, Kemp & Rhoad,* of Bamberg, *for Respondent,*

July 21, 1964.

TAYLOR, Chief Justice.

This is an action for damages commenced by Robert M. Gray, by his guardian *ad litem,* for injuries sustained by him when the automobile in which he was riding was involved in an accident on U. S. Highway 321, approximately one-half mile south of the Town of Norway in Bamberg County.

The defendant, Mrs. Elizabeth Smoak, was eliminated by consent of counsel and at the conclusion of all the testimony, the Court granted a directed verdict as to the defendant, Morgan F. Livingston. The jury returned a verdict in favor of Respondent for $25,000.00 actual damages against the remaining defendants. Timely motions for nonsuit and directed verdict were refused, and after the jury's verdict, motions for judgment *n. o. v.* and for a new trial were overruled.

Defendants, James C. DeLoach and Reichhold Chemicals, Incorporated, hereinafter referred to, as Appellants, now appeal, contending that the Court erred in refusing their motions for the reason that the evidence was insufficient to establish negligence on the part of Appellants, that the only reasonable inference to be drawn from the evidence was that the sole negligence of others caused the accident and Appellants' act of negligence, if any, did not proximately contribute to Respondent's injuries, and that there was sufficient evidence of negligence on the part of Respondent to raise a jury issue of contributory negligence.

The question of whether or not there was error in refusing the motions of the Appellant for a nonsuit, directed verdict, judgment *n. o. v.,* and alternatively for a new trial, requires us to consider the testimony and the reasonable inferences to be drawn therefrom in a light most favorable to the Respondent. If more than one reasonable inference can be drawn from the evidence, the case must be submitted to the jury. However, if the evidence is susceptible of only one reasonable inference, the question is no longer one for the jury but one of law for the Court. *Green v. Bolen,* 237 S. C. 1, 115 S. E. (2d) 667; *Matthews v. Porter,* 239 S. C. 620, 124 S. E. (2d) 321.

Respondent, 15 years old at the time of injury, was a guest passenger riding on the left side in the back seat of a 1955 Oldsmobile, driven by the defendant, E. D. Bessinger, II. Two other teenagers were also passengers in the Bes-

singer car, one of whom received fatal injuries in the accident. All of the occupants of the Bessinger car, with the exception of the driver, were asleep. The collision occurred between the crests of 2 hills which are approximately 2600 feet apart on a straight stretch of U. S. Highway 321, approximately one-half mile south of Norway, S. C., at approximately 4 A. M., Sunday morning, February 19, 1962. Highway 321 at this point is paved to a width of 24 feet with 11 foot shoulders on each side, making the entire roadway 46 feet in width.

Defendants Raymond Barnes and Bradley E. Pou were drivers of a pickup truck and a stake body truck respectively. The pickup was pulling the stake body truck by means of a chain. After the two trucks had passed through Bamberg, S. C., proceeded north on U. S. Highway 321, but before reaching Norway, S. C., they ran together and the bumpers became "hung up." The two men attempted, but failed, to clear the highway by pulling into a dirt road to their left on the west side of the highway. The left rear wheel of the pickup truck was approximately 2' 10" off the paved portion of the highway and the stake body truck, which was approximately 20' 6" long and 7' 2" wide, was on the highway at an angle completely blocking the lane in which Respondent was traveling and partially blocking the northbound lane toward Norway. Shortly thereafter, James C. DeLoach, an employee of Reichhold Chemicals, Incorporated, approached the scene driving a tractor-trailer truck owned by Reichhold Chemicals, Incorporated, and loaded with formaldehyde. DeLoach was proceeding in a northerly direction on Highway 321 toward Norway when he stopped on the paved portion of the highway approximately 30-35 feet south of the stake body truck. After turning on his blinker lights, DeLoach attempted to help clear the highway of the other two trucks. Moments later the vehicle in which Respondent was a passenger appeared over the crest of the hill and, despite the efforts of DeLoach and Barnes to flag it down, struck the right rear of the stake body truck and collided headon with

Appellants' tanker truck, the front of the passenger vehicle being driven under the front bumper of the truck and the metal so crushed together as to make it difficult to separate the two.

James C. DeLoach and Reichhold Chemicals, Incorporated, being the only Appellants, there is no question before this Court of negligence on the part of the other defendants, and our inquiry thereabout will be confined to actions of Appellants only. Section 46-481, Code of Laws of South Carolina 1962, reads as follows:

"Upon a highway outside of a business or residence district no person shall stop, park or leave standing any vehicle whether attended or unattended, upon a paved or main-traveled part of the highway when it is practicable to stop, park or so leave such vehicle off such part of such highway, but in every event an unobstructed width of the highway opposite a standing vehicle shall be left for the free passage of other vehicles and a clear view of such stopped vehicle shall be available from a distance of two hundred feet in each direction upon such highway.

"This section shall not apply to the driver of any vehicle which is disabled while on the paved or main-traveled portion of a highway in such manner and to such extent that it is impossible to avoid stopping and temporarily leaving such disabled vehicle in such position."

In an action for damages arising out of collision with a vehicle standing on the highway, the burden of proving the necessity for stopping a vehicle on the main-traveled portion of the highway, within the meaning of the aforesaid statute regulating stops on the highway is on the person who makes such stop. *Ayers v. Atlantic Greyhound Corp.*, 208 S. C. 267, 37 S. E. (2d) 737, and *Howey v. Jordan's Inc.*, 223 S. C. 71, 74 S. E. (2d) 216. When it is necessary for a motorist to stop his vehicle along the road, he has the duty, where it is reasonably possible, to drive until he finds a space to stop off the traveled portion of the

road. *LaFlamme v. Lewis,* 89 N. H. 69, 192 A. 851. If there is sufficient space for stopping off the traveled portion of the highway or if there is a driveway or side road near, and the stopping motorist is able to move his vehicle into that area, he may be charged with negligence in failing to do so. *Suber v. Smith,* 243 S. C. 458, 134 S. E. (2d) 404.

Appellant DeLoach testified that he stopped on the paved portion of the highway in the right or eastern lane rather than parking on the shoulder for the reason that he did not believe the shoulder would hold up under his heavily loaded truck as it had been raining for several days. He further testified that he was prevented from passing the scene as a portion of his lane was blocked by the stake body truck and there was a roadside park sign on the shoulder at that spot.

The shoulder, according to the testimony of C. D. Campbell, a District Engineer with the State Highway Department, was constructed so as to carry any legal load on the highway. The roadside park sign on the eastern shoulder is 6′ 10″ from the paved surface. The distance the stake body truck blocked the northbound lane is in dispute. The stake body truck was described as being 20′ 6″ long and 21 feet long. Defendant Barnes testified that the left frontwheel was resting off the paved portion of the highway. DeLoach testified that approximately 8 feet of the pavement on his side was blocked whereas defendants Pou and Barnes testified the stake body truck was little over the center line. Barnes stated it was "something like" 2 feet over the center line. There is some difficulty in ascertaining the precise angle at which the stake body truck rested on the highway. However, even if we use the estimate of Appellant DeLoach, there would be approximately 4 feet of pavement and 6′ 10″ of shoulder in which Appellants' tanker truck, described as being 8 feet wide, could have used to move around the blocked portion of the highway. There was, therefore, evidence from which the jury could have found that it was practicable for DeLoache to have either passed the partially blocked portion of the highway

or pulled off and parked on the shoulder rather than parking the tanker truck on the highway in violation of Section 46-481, Code of Laws of South Carolina, 1962.

■ "The violation of an applicable statute is negligence *per se,* and whether or not such breach contributed as a proximate cause to plaintiff's injury is ordinarily a question for the jury. *Eickhoff v. Beard-Laney, Inc.,* 199 S. C. 500, 20 S. E. (2d) 153, 141 A. L. R. 1010; *Lawrence v. Southern Ry.-Carolina Division,* 169 S. C. 1, 167 S. E. 839; *Dickson v. Inter-Carolinas Motor Bus Co.,* 161 S. C. 297, 159 S. E. 625." *Chapman v. Associated Transport, Inc.,* 218 S. C. 554, 63 S. E. (2d) 465; *Green v. Sparks,* 232 S. C. 414, 102 S. E. (2d) 435.

Appellants also contend that the accident and resulting injuries were caused by the sole negligence of others and that any negligence of Appellants did not proximately cause or contribute to Respondent's injuries, that the sole proximate cause of Respondent's injuries was the negligence of defendants Barnes and Pou in blocking the highway combining and concurring with the heedlessness and recklessness of the defendant E. D. Bessinger, II, in driving his automobile at a high rate of speed.

There is testimony that by parking the tractor-trailer on the highway, the Appellants, together with the trucks driven by defendants, Barnes and Pou, effectively blocked the entire paved portion of the highway. The driver of the automobile in which Respondent was a passenger, Ed Bessinger, II, testified that the stake body truck and the pickup truck were unlighted, whereas the tractor-trailer had its headlights on. He testified that he did not know whether the lights on the tractor-trailer blinded him or not but he was unable to see the other trucks until immediately upon them.

■ The general rule is that negligence, to render a person liable, need not be the sole cause of any injury. It is sufficient that his negligence, concurring with one or more efficient causes, other than plain-

tiff's, is the proximate cause of the injury. So that where several causes combine to produce injuries, a person is not relieved from liability because he is responsible for only one of them, it being sufficient that his negligence is an efficient cause, without which the injury would not have resulted, to as great an extent, and that such other cause is not attributable to the person injured. *Culbertson v. Johnson Motor Lines,* 226 S. C. 13, 83 S. E. (2d) 338.

With the unlighted panel truck blocking Respondent's' right lane at an angle and the left lane blocked by the tanker truck just 35 feet beyond facing the oncoming vehicle of Respondent with its lights on, even with low beam as contended by Appellant, the situation was a veritable trap for other traffic.

This contention must be resolved against Appellants.

Appellants frame their third question as follows: "Was there sufficient evidence of negligence on the part of the plaintiff to raise a jury issue of contributory negligence?", contending that the negligence of the driver should be imputed to Respondent under the law of joint enterprise.

"The general rule was early established that if two or more persons unite in the joint prosecution of a common purpose under such circumstances that each has authority, express or implied, to act for all in respect to the control of the means and the agencies employed to execute such common purpose, the negligence of one in the management thereof will be imputed to the others. *Nesbit v. Town of Garner,* 75 Iowa 314, 39 N. W. 516, 1 L. R. A. 152, 9 Am. St. Rep. 486. But it does not follow that, because several persons are occupants of the same vehicle, they are necessarily engaged in a joint venture within the rule.

"The first element that must be found to be present before two parties can be said to be engaged in a joint enterprise is, as the very name of the relationship necessitates, that they must have some common purpose of pleasure or

profit, and must be acting toward the accomplishment of this purpose at the time when the relationship is sought to be established.

"The cases on the question of joint enterprise are numerous. They are almost wholly concerned with whether, admitting that the driver of an automobile and a person riding with him have a common purpose in making the trip, further conditions exist from which it can be said to appear that the negligence of the driver should be imputed to the passenger. The legal theory upon which such imputation is allowed is that if two parties are engaged in a joint enterprise each is the agent of the other, and each the principal of the other, so as to bring into force the fixed precepts of the law of agency. *Funderburk v. Powell*, 181 S. C. 412, 187 S. E. 742; *Bolt v. Gibson et al.*, 225 S. C. 538, 83 S. E. (2d) 191."

The rule is stated in *Padgett v. Southern Ry. Co.*, 219 S. C. 353, 65 S. E. (2d) 297, quoting from 5 Am. Jur., Automobiles, Sec. 501, p. 786, as follows:

"The general principle applicable to a joint enterprise, which has the support of the greater weight of authority and the approval of this Court, is as follows: "* * *. In order to constitute a joint enterprise so that the negligence of the driver of an automobile may be imputed to an occupant of the car, it is generally held that there must be a common purpose and a community of interest in the object of the enterprise and an equal right to direct and control the conduct of each other with respect thereto. In other words, the passenger, as well as the driver, must be entitled to a voice in the control and direction of the vehicle. There must be a community in the object and purpose of the undertaking and an equal right to direct and govern the movements and conduct of each other in respect thereof. Each must have the control of the means or agencies employed to prosecute the common purpose. * * *' " *Rock v. Atlantic Coast Line R. Co.*, 222 S. C. 326, 72 S. E. (2d) 900.

Respondent and his three teenage companions, after completing their work at their separate jobs early in the evening, went in a pickup truck to a filling station where they brought 2 cans of beer each. They then went to, a fishing site where they proceeded to fish and drink their beer. Due to rain, it was decided around midnight to ride to Columbia. E. D. Bessinger, II, accompanied by Respondent, went to his sister's home and borrowed her Oldsmobile automobile. On the return trip to the fishing site, Respondent drove the pickup truck and Bessinger drove the Oldsmobile. Gasoline was put in the automobile from a tank at the house of Joe Fail, who was later killed in the accident. After arriving in Columbia at approximately 1:30 a. m., they stopped at the University of South Carolina where Respondent visited his brother. Finding him asleep, he returned in a few minutes. The boys then went to an eating place where they all had sandwiches and Coca-Colas. Upon leaving Columbia for the return trip, all occupants of the auto immediately went to sleep with the exception of Bessinger, the driver.

Appellants here have failed to carry the burden of showing that Respondent had any right or control over the car or to direct its movements to the extent of creating an issue of joint enterprise.

The contention that Respondent negligently contributed to his own injury is based on the premise that the driver, E. D. Bessinger, II, was not in complete control of his faculties as he was sleepy, drowsy, and in a tired condition, and that Respondent knew or should have known of such condition and did nothing about it.

"A guest is barred from recovery for injuries caused by the host's reckless disregard of the guest's safety, if knowing of the host's reckless misconduct and the danger involved to said guest, the guest recklessly exposes himself thereto. * * *." *Crocker v. Weathers et al.*, 240 S. C. 412, 126 S. E. (2d) 335.

There is no direct evidence tending to show that Bessinger was sleepy or in any way not in complete control of

his faculties, nor is there any evidence showing that his operation of the automobile was anything but prudent and careful up until the time Respondent fell asleep.

Contributory negligence, being an affirmative defense, the burden of proving facts sufficient to make an issue for the jury thereon is always upon the party pleading the same. *Bolt v. Gibson, supra,* 225 S. C. 538, 83 S. E. (2d) 191.

For the foregoing reasons, we are of opinion that the verdict and judgment appealed from should be affirmed; and it is so ordered.

Affirmed.

Moss, Lewis, Bussey and Brailsford, JJ., concur.