18456

Roger SPRADLEY, Appellant, v. Roy HOUSER and Blanch McGinnis Houser, Respondents

(146 S. E. (2d) 621)

*Messrs. Julian S. Wolfe,* of Orangeburg, *Henry Hammer* and *Henry H. Edens,* of Columbia, and *Lever & Shealy,* of Lexington, *for Appellant,*

*Messrs. Robinson, McFadden & Moore,* of Columbia, and *R. Milo Smith,* of Lexington, *for Respondents,*

February 7, 1966.

BUSSEY, Justice.

This is an action to recover damages for personal injuries sustained by the plaintiff in a head-on collision between an automobile operated by the defendants and an automobile operated by one Dowd, in which plaintiff was riding. On the trial of the case, which resulted in a jury verdict for the defendants, the trial judge, over the objection of plaintiff, submitted to the jury the issue of whether any negligence on the part of Dowd was imputable to the plaintiff on the theory that Dowd and plaintiff were engaged at the time in a joint and common enterprise. The plaintiff appeals, contending that the trial judge erred in submitting to the jury the defense of joint and common enterprise.

The only evidence as to the relationship between the plaintiff and Dowd was the testimony of the plaintiff. According to his testimony, he was at the time of his injuries 22 years of age and a carpenter by trade. He had not, for several months prior thereto, been employed at his regular trade. One Boone, the plaintiff Spradley, and Dowd were all carpenters and lived either in West Columbia or Cayce. On Friday, November 17, 1961, Boone obtained a labor contract

from a concern known as Shell Homes, whereby Boone was to frame a house for said concern in the vicinity of Chester, South Carolina. At the time that Boone obtained the contract, plaintiff accompanied him on his trip to the office of Shell Homes, but plaintiff was not a party to the contract and the evidence contains nothing to reflect that plaintiff entered into the negotiations thereabout.

Boone secured the services of the plaintiff and Dowd to assist in the performance of the contract which he had secured, plaintiff testifying that he was employed by and working for Boone. While the exact amount of Boone's contract does not appear, according to the evidence the house to be framed was a small one, with not a great deal of money involved, and for this reason Boone agreed with Dowd and the plaintiff that the contract proceeds would be split three ways between them instead of Boone paying Dowd or Spradley wages at a fixed rate, each of said parties to furnish his labor tools. The record does not reflect just when this agreement was reached between the parties. The uncontradicted evidence is that Boone not only secured the contract with Shell Homes, but that Boone arranged for the transportation of the parties to and from the job site. Boone contemplated using his own car but, due to the poor condition of the tires thereon, entered into an arrangement with Dowd whereby Dowd's car would be used, with Boone furnishing the gasoline. There is no evidence from which it could be reasonably inferred that the plaintiff had anything whatever to do with arranging the transportation or the agreement between Boone and Dowd thereabout. To the contrary, he testified categorically that Boone had made the arrangement with Dowd, that he had nothing to do therewith, and did not have "any control or management over the automobile" of Dowd.

The three parties, Boone, Dowd and the plaintiff, were proceeding toward the job site in Dowd's car on the morning of November 21, when the collision occurred.

It has been repeatedly held by this court that in order to constitute a joint enterprise, so that the negligence of one may be imputed to another, there must be a common purpose and a community of interest in the object of the enterprise and an equal right to direct and control the conduct of each other with respect thereto. Under the circumstances, the plaintiff, Dowd and Boone had a common purpose and community of interest in the completion of the enterprise undertaken, the framing of the house at Chester. Likewise, they had a common purpose and interest in getting safely to and from the job site. Assuming, without deciding, that, as contended by the defendants, the agreement as to the manner of compensation of the plaintiff changed his status as a mere employee of Boone and gave to the plaintiff an equal right to direct and control the conduct of both Boone and Dowd, with respect to framing the house at Chester, the record as we see it contains no evidence from which it could be reasonably inferred that the plaintiff had any right of control whatsoever over the operation of Dowd's automobile in going to and from work. In the absence of any right of control thereover, any negligence on the part of Dowd could not be imputed to the plaintiff.

The case of *Indemnity Ins. Co. of North America v. Odom,* 237 S. C. 167, 116 S. E. (2d) 22, involved a factual situation quite similar to, though not identical with, the facts of the instant case. There the court, in holding that the negligence of the driver could not be imputed to plaintiff's intestate, said,

"While there doubtless was a common purpose on the part of all of these employees, the decedent certainly had no voice in the control of this truck, nor did he have an equal right with the driver to direct and govern its movements, which is an essential requirement of the doctrine of common enterprise. *Funderburk v. Powell,* 181 S. C. 412, 187 S. E. 742; *Rock v. Atlantic Coast Line Railway Co.,* 222 S. C. 362, 72 S. E. (2d) 900; *Bolt v. Gibson,* 225 S. C. 538, 83 S. E. (2d) 191."

The more recent cases of *Gray v. Barnes,* 244 S. C. 454, 137 S. E. (2d) 594, and *Ray v. Simon,* 245 S. C. 346, 140 S. E. (2d) 575, are in clear accord with the foregoing quotation. There being no evidence from which it could be reasonably inferred that the plaintiff had an equal right with Dowd to control the operation of Dowd's automobile, the trial judge erred in submitting the issue of joint and common enterprise to the jury.

The respondents urged an additional sustaining ground which, as stated by respondents, presents the following question,

"Under all the testimony and other evidence presented to it at the trial, should the jury have properly found that there was no substantial evidence that defendants were negligent or lacking in due care, in the light of the surrounding circumstances, by reason of which their verdict was for defendants?"

As the case will have to be remanded for a new trial, we refrain from a detailed discussion of the evidence on the issue of liability. Suffice it to say that we have reviewed the evidence bearing on the liability, if any, of the defendants and find the same conflicting and susceptible of more than one reasonable inference. Hence, we deem the respondents' additional sustaining ground to be without merit. The judgment of the lower court is, accordingly, reversed and the cause remanded for a new trial.

Reversed and remanded.

Moss, LEWIS and BRAILSFORD, JJ., concur.