20999

Mary Spann R. BRIGGS and Eleanora Richardson Hutto, Respondents, v. Henry B. RICHARDSON, Lucien E. Richardson, Sr. and Betty Richardson Keels, Appellants.

(256 S. E. (2d) 544)

*James M. Morris,* Manning, and *Harold W. Detwiler,* for appellants.

*E. LeRoy Nettles,* of *Nettles, Smith, Turbeville & Reddeck,* Lake City, *for respondents.*

June 28, 1979.

NESS, Justice:

Respondents Briggs and Hutto brought this action to impose a constructive trust on all properties of the estate of the deceased mother of the parties, seeking an accounting, and a partition. This appeal is from an order overruling a demurrer and certain motions interposed by appellants. We affirm.

The parties' mother, Elizabeth Richardson, died in January, 1975. Prior to October 31, 1969, she executed a will dividing her property among her five children. On October 31, 1969, Mrs. Richardson executed another will whereby a 249 acre tract of land was devised to appellant Lucien E. Richardson, Sr. (Lucien) in fee simple.

Respondents assert on September 27, 1974, their mother wrote a letter to her attorney asking him to change her will so as to divide her estate between her five children. This letter was purportedly given to her grandson, Lucien E. Richardson, Jr., to mail. Thereafter, respondent Hutto took the letter out of the mailbox in its sealed condition and discussed it with her mother. At that time, Hutto was unaware that her mother had executed a will in October, 1969, devising the farm to Lucien.

Thereafter, respondents allege that Hutto took the note to her brother, Lucien, and discussed it with him, advising him of their mother's wishes. According to respondents' complaint, Lucien instructed Hutto not to mail the letter, stating it would be easier for him to divide the property under the present will. Respondents contend Lucien knew of his mother's October, 1969 will, but did not inform his sister of its existence even though he knew she was unaware of it.

Subsequent to the death of their mother, Lucien allegedly continued to assure respondents that he would equitably divide the property according to his mother's wishes. Relying on his assurances, respondents failed to contest the probate of the will during the time period allowed. This suit was commenced when Lucien indicated he did not intend to make a division of the properties.

Appellant asserts his demurrer should have been sustained as the complaint fails to state a cause of action. According to appellant, the facts of respondents' complaint are insufficient to establish a constructive trust because of the statute of frauds. We disagree.

When asserting a constructive trust, it is not necessary that it be proved by a writing sufficient to satisfy the statute of frauds. The Court stated in *Wolfe, et al. v. Wolfe, et al.*, 215 S. C. 530, 536, 56 S. E. (2d) 343, 346 (1949):

" 'A constructive trust is the creation of the court and is permitted to be proved by parol despite the statute of frauds upon the high and long established ground that the statute will not be permitted to shield a fraud.' "

See also *Searson v. Webb,* 208 S. C. 453, 38 S. E. (2d) 654 (1946).

■ Appellant also contends its demurrer should have been sustained because the time permitted to contest the probate of the will has expired. This view undercuts the utility of a constructive trust. As the North Carolina Supreme Court stated in *Johnson v. Stevenson,* 269 N. C. 200, 152 S. E. (2d) 214, 218 (1967) :

"Our research discloses decisions in other jurisdictions recognizing the right of an heir to establish a constructive trust notwithstanding the probate of a will under which such heir is not a beneficiary where it is *alleged and proved* that the judgment or decree of probate was obtained under circumstances constituting *extrinsic fraud."*

It would be inequitable to permit appellant to assert the expiration of the period for contest of probate where he continued to assure respondents that he would divide the estate between them.

■ We concur with the trial court's conclusion that "the allegations of the complaint allege all of the essential elements necessary for the Court to find the existence of a constructive trust, if established by adequate proof on trial." Accordingly, we affirm the order overruling the demurrer of appellant.

Appellant next argues the trial court erred in failing to require respondents to make their complaint more definite and certain as to when a demand was made upon him, and by whom.[1] This is without merit.

---

[1] While not normally appealable, this issue is before the Court due to the appealability of the first issue. See *Tate v. Owner,* 236 S. C. 313, 114 S. E. (2d) 225 (1960).

A pleading will not be required to be made more definite when the matter alleged is one within the knowledge of the moving party. *Spurlin v. Colprovia Products Co.,* 185 S. C. 449, 194 S. E. 332 (1937). As Lucien knew when such a demand was made on him by respondents, the trial court acted within its discretion in refusing to require that the complaint be made more definite and certain. *Ellen v. King,* 227 S. C. 481, 88 S. E. (2d) 598 (1955); *Airfare, Inc. v. Greenville Airport Commission,* 249 S. C. 265, 153 S. E. (2d) 846 (1967).

Finally, appellant contends the trial court erred in overruling his motion to strike certain matters from the complaint as being evidentiary, immaterial and redundant. This was discretionary with the trial judge, and we affirm his decision. See *J. M. S., Inc. v. Theo,* 241 S. C. 394, 128 S. E. (2d) 697 (1962); *Totaro v. Turner,* S. C., 254 S. E. (2d) 800.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, RHODES and GREGORY, JJ., concur.