0691

George GOLSON, Appellant v. John T. THORNE, Individually; John T. Thorne and Walter M. Best d/b/a Best, Thorne and Associates, Respondents.

(343 S. E. (2d) 451)

Court of Appeals

*Isadore S. Bernstein,* Columbia, *for appellant.*

*Joel W. Collins, Jr.* and *Stanford E. Lacy,* Columbia, *for respondents.*

Heard Feb. 25, 1986.

Decided April 28, 1986.

LITTLEJOHN, Acting Judge:

This is an action for an accounting. Appellant George Golson sued respondent John T. Thorne and John T. Thorne and Walter M. Best, doing business as Best, Thorne and Associates. Golson claims he is entitled to a commission based on an alleged oral agreement between him and Thorne to enter into a joint venture to sell a life insurance policy to James B. Frazier, III. The case was referred to a master who recommended dismissal of the action. The circuit court affirmed and Golson appeals. We affirm.

In an equity case, where the appeal is from concurrent findings of fact by the master and trial judge, this court will not disturb those findings unless they are without evidentiary support or against the clear preponderance of the evidence. *Felder v. Fleming,* 278 S. C. 327, 295 S. E. (2d) 640 (1982).

The basic facts are as follows: In 1979, James Frazier cancelled a large life insurance policy he bought from Golson. Golson wrote Frazier criticizing the cancellation and the advice Frazier relied on in making his decision. Frazier gave the letter to his attorneys. The attorneys and Golson were thereafter unable to work together. Realizing the attorneys' influence on Frazier, Golson sought to sell Frazier insurance through a "front" man. Golson contacted Thorne, and they agreed Thorne would try to sell Frazier insurance, and if successful, share the commission with Golson. However, Golson did not have control over Thorne's contacts with Frazier. In April of 1980, Thorne contacted Frazier, but no sale resulted.

In August of 1980, William Thornton began discussions with Frazier about the purchase of life insurance. Thornton then sought Thorne's advice and assistance in developing an insurance program for a client, but failed to disclose to Thorne that Frazier was the client. Thorne agreed to help and did not learn the client's identity until September of 1980. Subsequently, Frazier bought a policy from Thornton. Golson then sued for an accounting.

Golson contends the master erred in finding no joint venture existed between him and Thorne, thus concluding Golson is not entitled to a share of the commission. We disagree.

An agreement between two parties constitutes a joint venture only if each party enjoys an equal right to control the conduct of the other regarding their common purpose. *Spradley v. Houser*, 247 S. C. 208, 146 S. E. (2d) 621 (1966). The master found this element of control absent in the agreement between Golson and Thorne. The record amply supports the findings. Golson testified the agreement in no way limited Thorne as to how he was to proceed or develop the sale to Frazier.

The master further found the agreement between Golson and Thorne concerning the sharing of a commission was contingent upon Thorne selling Frazier a policy. The master concluded Thorne did not breach the agreement since Thornton, not Thorne, finally sold Frazier an insurance policy. The record also supports this finding. Frazier testified he considered Thornton his agent and Thorne merely an advisor to Thornton.

Based on the evidence in the record and the applicable law, we hold Golson's action was properly dismissed.

Affirmed.

GARDNER and GOOLSBY, JJ., concur.