499 S.E.2d 250

**Shelby PRUITT, Appellant/Respondent,**

**v.**

**Keith BOWERS, Tim Werts, and Kevin Poore, Defendants,**

**of whom, Kevin Poore is Respondent/Appellant,**

**and**

**Keith Bowers and Tim Werts are, Respondents.**

**No. 2826.**

Court of Appeals of South Carolina.

Heard Feb. 4, 1998.
Decided April 13, 1998.
Rehearing Denied May 21, 1998.

Gregory Alan Morton, of Donnan, Morton & Davis, Greenville, for appellant-respondent.

Gregory J. English, of Wyche, Burgess, Freeman & Parham, Greenville, for respondent/appellant. Samuel W. Outten, of Leatherwood, Walker, Todd & Mann, Greenville, for respondent, Keith Bowers; and Tim Werts, Taylors, pro se.

PER CURIAM:

This action for negligence, imputed negligence, and joint enterprise liability was brought by Shelby Pruitt against Keith Bowers, Kevin Poore, and Tim Werts. Poore and Werts were passengers in Bowers's automobile at the time it was involved in an accident with Pruitt. Poore moved for summary judgment, and Pruitt moved to amend her complaint to include causes of action for aiding and abetting pursuant to *Restatement (Second) of Torts* § 876(b) (1979), and civil conspiracy. The trial court granted both Poore's motion for summary judgment and Pruitt's motion to amend her complaint. Both parties appeal. We affirm.

## FACTS

In support of his motion for summary judgment, Poore submitted the deposition testimony of himself and Bowers, in which they related the following version of events. Poore, Werts, and Bowers, all under 21 years of age, were friends. On May 20, 1994, Bowers picked up Poore, and the two drove to a friend's house. On the way, Bowers stopped and bought marijuana, which the two smoked at the friend's house. They then proceeded to Werts's house. Poore and Werts asked Bowers to drive to the lake and offered to pay for part or all of the gas. Prior to leaving for the lake, Bowers and Poore went to a friend's house to ask the friend to purchase beer for them. Bowers, Poore and Werts then proceeded to the lake. During the hour and a half that the boys were at the lake, Bowers drank twelve beers.

Bowers drove the car on the return trip. Poore knew that Bowers was too intoxicated to drive. Werts and Poore asked Bowers to permit Werts to drive. While Werts was driving, Poore watched him to insure nothing happened. Shortly after

Werts began to drive, Bowers resumed driving the car because Werts was driving too close to the edge of the road. Once Bowers began driving, Poore lay down in the back seat and went to sleep. While Poore was sleeping, Bowers, driving 65 m.p.h. in a 35 m.p.h. zone, ran a red light and collided with Pruitt. In his statement to the police, Poore acknowledged that riding with Bowers was a "bad choice," but neither he nor Werts "could" drive.

## DISCUSSION

### I.

Pruitt argues the trial court erred in granting summary judgment to Poore because there was evidence warranting submission of the issues of proximate cause and joint enterprise liability to the jury.

Pruitt maintains that even though the actions of Bowers were a proximate cause of her injuries, Poore's actions also were a concurring proximate cause. She argues that because Poore drank alcohol and smoked marijuana with Bowers, encouraged him to drive to the lake, helped pay for fuel, and allowed Bowers to drive on the return trip despite knowing he was impaired, there is an issue of fact for the jury as to whether Poore's actions were a proximate cause of her injuries.

Poore argues that South Carolina law is clear that a passenger's conduct may be judged a proximate cause of a third person's injuries in a car wreck only if either the passenger and driver were involved in a joint enterprise or the passenger had control over the operation of the offending vehicle.

In *Mims v. Coleman,* 248 S.C. 235, 149 S.E.2d 623 (1966), the defendant was a passenger in a car driven by a co-worker. The two were on a personal errand for the driver. Both the defendant and the driver were drinking alcohol on the trip. The driver negligently entered an intersection and was involved in an automobile accident with the plaintiff. In finding the passenger not negligent, the court held:

That the collision and the resulting injuries were due to the negligence and recklessness of [the driver] . . . is clear. But our scrutiny of the record reveals no evidence from

which actionable negligence on the part of [the passenger] might reasonably be inferred. There was no evidence that he was driving the car or that he had or was exercising any control over its operation. There was no evidence of agency whereby he might be held responsible for [the driver's] negligence under the doctrine of respondeat superior; nor does the complaint allege any such agency. There was no evidence to support the allegation that [the two] were engaged in a joint enterprise. On the contrary, the only reasonable inference from the evidence is that the mission on which the car was being used was that of [the driver] alone, and that [the defendant] was simply a guest passenger.

*Id.* at 238, 149 S.E.2d at 624 (citations omitted). *See also Spradley v. Houser*, 247 S.C. 208, 146 S.E.2d 621 (1966) (because passenger had no right of control over the vehicle, negligence of the driver could not be imputed to the passenger); *Gray v. Barnes*, 244 S.C. 454, 137 S.E.2d 594 (1964) (negligence of driver not imputed to teenage companions who were riding and drinking with driver); *Padgett v. Southern Ry. Co.*, 219 S.C. 353, 65 S.E.2d 297 (1951) (occupant with no right to direct and govern movements of vehicle was not negligent).

■ To establish joint venture or enterprise liability between a driver and passenger, there must be a common purpose or community of interest, and the passenger must have an equal right to control the direction and management of the vehicle. *Lollar v. Dewitt*, 255 S.C. 452, 179 S.E.2d 607 (1971).

■ The trial court found that Pruitt failed to show that "Poore had any right of control over the car to the extent of creating an issue of joint venture or joint enterprise. [Pruitt] . . . failed to present any evidence to support a finding that Bowers was Poore's agent or that Poore had a voice in the management or the direction of movements of the vehicle." It further concluded that "Defendant Bowers owned the vehicle, drove the vehicle, and ultimately controlled the vehicle."

We agree. The only inference from the evidence is that while Poore and Werts may have suggested it, Bowers made the decision to let Werts drive and within a few minutes, made

the decision to resume the driving. The fact that Bowers refused Poore's request to pull over into a parking lot and sleep until morning could only suggest that Bowers did not consider Poore to have had a voice in the operation of Bowers's vehicle. Further, neither Poore nor Werts was licensed to drive and, thus, could not have realistically been expected to have assisted in the operation of Bowers's vehicle. Additionally, we see no evidence of a respondeat superior or agency relationship. Under these circumstances, we hold there was no reasonable inference to support a finding of joint enterprise between Poore and Bowers. Finally, in the absence of evidence that Poore supplied Bowers with alcohol and drugs while he was impaired, it is not error to hold as a matter of law that Poore's mere use of alcohol and drugs with Bowers did not breach a duty of care to Pruitt. The only inference from the evidence is that Bowers's conduct alone was the proximate cause of Pruitt's injuries.

## II.

Poore argues the trial court erred in granting Pruitt's motion to amend her complaint. Pruitt responds that the order granting the motion is interlocutory and thus not appealable.

We agree that under the precedent of *Briggs v. Richardson,* 273 S.C. 376, 256 S.E.2d 544 (1979) and *Garrett v. Snedigar,* 293 S.C. 176, 359 S.E.2d 283 (Ct.App.1987), Poore's appeal of the amendment order is interlocutory and generally not appealable, but may be considered by this court because it accompanies the appeal of the grant of Poore's motion for summary judgment. Nevertheless, we elect not to entertain Poore's appeal because of the novelty of the theory of liability in *Restatement (Second) of Torts* § 876(b) (1979). Moreover, the trial court has not had an opportunity to rule on the sufficiency of the allegations. Arguments going to the legal merits of the proposed pleadings are better taken up in the context of a Rule 12(b) motion to dismiss or a Rule 56, SCRCP, motion for summary judgment. *Collins v. Sigmon,* 299 S.C. 464, 385 S.E.2d 835 (1989).

Rule 15, SCRCP, provides that Pruitt's complaint could only be amended by leave of the court, and "leave to

amend shall be freely given when justice requires and does not prejudice any other party." It is well established that a motion to amend is addressed to the sound discretion of the trial judge, and that the party opposing the motion has the burden of establishing prejudice. *Foggie v. CSX Transp., Inc.,* 315 S.C. 17, 431 S.E.2d 587 (1993). Poore has not shown legal prejudice. We find no abuse of discretion in the grant of Pruitt's motion to amend her complaint.

**AFFIRMED.**

HOWELL, C.J., CURETON and HOWARD, JJ., concur.