333 S.C. 549 (1998)
511 S.E.2d 369
Phillip H. TANNER, a person under legal disability, Appellant,
v.
FLORENCE CITY-COUNTY BUILDING COMMISSION; Florence County Detention Center; Alice C. Broadwater, in her personal and official capacity as South Carolina Assistant Attorney General; and the South Carolina Department of Corrections, Respondents.
No. 2892.
Court of Appeals of South Carolina.
Submitted September 1, 1998.
Decided October 26, 1998.
Refiled February 10, 1999.
Rehearing Denied February 20, 1999.
*550 Philip H. Tanner, of Bishopville, pro se.
Joseph P. McLean, of Clarke, Johnson, Peterson & McLean, of Florence, for respondents.

ORDER DENYING PETITION FOR REHEARING
PER CURIAM:
After a careful consideration of the Petition for Rehearing, the Court is unable to discover that any material fact or principle of law has been either overlooked or disregarded and, hence, there is no basis for granting a rehearing. It is, therefore, ordered that the Petition for Rehearing be denied. However, Opinion Number 2892, filed October 26, 1998, is withdrawn and the attached opinion is substituted.
*551 STILWELL, Judge:
Phillip H. Tanner brought this tort action against Florence City-County Building Commission, Florence County Detention Center, Alice C. Broadwater, and the South Carolina Department of Corrections (the Department). Tanner and the Department both filed motions for summary judgment. The trial court granted the Department's motion and held it immune under the South Carolina Tort Claims Act. We reverse and remand.[1]
Tanner, an inmate at Broad River Correctional Institution, was temporarily moved to the Florence County Detention Center for a one-week term of court for a post-conviction relief hearing. During this week, Tanner asserts he was denied access to his prescription medicine Vistaril. Tanner admits the medicine was properly packaged and sent with him when he was transported from Broad River to the Florence County Detention Center but claims it was misplaced after he arrived in Florence. He alleges officials at the Florence County Detention Center attempted to contact Broad River to verify his prescription, but Broad River could not or would not verify the prescription information.
In his complaint, Tanner alleges the Department failed to properly compile and maintain his Inmate Health Record in violation of the Department's Policy No. 2100.3-9 and also failed to document transfer of his medication to Florence on his Medication Administration Record in violation of the Department's Policy No. 2100.3-36. The trial court found even if the Department was required to document the transfer of the medicine and failed to do so, it was immune under the South Carolina Tort Claims Act.

DISCUSSION
Summary judgment is appropriate when it is clear that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Rule 56(c), SCRCP. In ruling on a motion for summary judgment, the evidence and the inferences which can be drawn therefrom *552 should be viewed in the light most favorable to the non-moving party. Cafe Assocs., Ltd. v. Gerngross, 305 S.C. 6, 406 S.E.2d 162 (1991).
Historically, the common law doctrine of sovereign immunity insulated governmental entities from liability for torts committed by their employees. In South Carolina, total sovereign immunity was abolished by the decision in McCall v. Batson, 285 S.C. 243, 329 S.E.2d 741 (1985). Reacting to McCall, the legislature adopted the South Carolina Tort Claims Act. S.C.Code Ann. § 15-78-10 to -200 (Supp.1998). That act waives sovereign immunity for torts committed by the State of South Carolina, its political subdivisions, and governmental employees acting within the scope of their official duties. The act, however, lists numerous exceptions to the waiver of immunity. S.C.Code Ann. § 15-78-60 (Supp.1998). One such exception specifies that a governmental entity is not liable for loss resulting from "adoption, enforcement, or compliance with any law or failure to adopt or enforce any law, whether valid or invalid, including, but not limited to, any charter, provision, ordinance, resolution, rule, regulation, or written policies[.]" S.C.Code Ann. § 15-78-60(4) (Supp.1998).
This court has held that under the South Carolina Tort Claims Act "[t]he burden of establishing a limitation upon liability or an exception to the waiver of immunity is upon the governmental entity asserting it as an affirmative defense." Niver v. South Carolina Dep't of Highways & Public Transp., 302 S.C. 461, 463, 395 S.E.2d 728, 730 (Ct.App.1990). The decision of our supreme court in the case of Washington v. Whitaker, 317 S.C. 108, 451 S.E.2d 894 (1994), put to rest any remaining question about the necessity of pleading sovereign immunity as an affirmative defense. In Washington, the court said "we overrule the antiquated rule that sovereign immunity is a jurisdictional bar and, accordingly, cannot be waived. We join those jurisdictions which hold that sovereign immunity is an affirmative defense that must be pled." Id. at 114-15, 451 S.E.2d at 898 (citations omitted); see also Town of Duncan v. State Budget & Control Bd., Div. of Ins. Servs., 326 S.C. 6, 11 n. 14, 482 S.E.2d 768, 773-74 n. 14 (1997) (reversing a trial court order to the extent it was based on sovereign immunity as no answer had been filed in case and sovereign immunity, as an affirmative defense, must be pled).
*553 The Department has not pled sovereign immunity in its answer, nor did it mention any exceptions to the waiver of immunity contained in the South Carolina Tort Claims Act in its motion for summary judgment. The trial court, therefore, improperly granted summary judgment to the Department on the basis of sovereign immunity.
Additionally, the Department argues because Tanner admits the Vistaril accompanied him to Florence, any failure to document on behalf of the Department is not the proximate cause of Tanner's injuries. The Department's argument ignores the assertion by Tanner that officials in Florence attempted to obtain verification of the medicine from Broad River.
Proximate cause is ordinarily a question of fact for the jury. Oliver v. South Carolina Dep't of Highways & Public Transp., 309 S.C. 313, 422 S.E.2d 128 (1992). At the summary judgment stage of the proceedings, it is only necessary for the nonmoving party to submit a scintilla of evidence warranting determination by a jury for summary judgment to be denied. Anders v. South Carolina Farm Bureau Mut. Ins. Co., 307 S.C. 371, 415 S.E.2d 406 (Ct.App.1992). If Tanner can prove Florence officials were unable to obtain verification of the prescription because the Department failed to comply with its own policies, and if the internal policy creates a legal duty on the part of the Department, proximate cause may be found. South Carolina Elec. & Gas Co. v. Combustion Eng'g, Inc., 283 S.C. 182, 322 S.E.2d 453 (Ct.App.1984) (when considering the issue of whether the circuit court was correct in granting a motion for summary judgment, the court of appeals must construe all ambiguities, conclusions and inferences arising from the evidence most strongly against the movant).
Tanner also appeals the denial of his motion for summary judgment. Ordinarily, the denial of summary judgment is not directly appealable. Ballenger v. Bowen, 313 S.C. 476, 443 S.E.2d 379 (1994). Nevertheless, an order that is not directly appealable will be considered if there is an appealable issue before the court. Pruitt v. Bowers, 330 S.C. 483, 499 S.E.2d 250 (Ct.App.1998). Because we find a genuine issue of material fact exists as to whether the Department failed to *554 comply with its regulations, Tanner's motion for summary judgment was properly denied.
REVERSED and REMANDED.
CURETON and CONNOR, JJ., concur.
NOTES
[1] We decide this case without oral argument pursuant to Rule 215, SCACR.