THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Essien Antia-Obong,       
Respondent,
 
 
 

v.

 
 
 
Phillip Tivener,       
Appellant.
 
 
 

Appeal From Charleston County
Thomas L. Hughston, Jr., Circuit Court 
 Judge

Unpublished Opinion No. 2003-UP-715
Submitted October 15, 2003  Filed December 
 11, 2003

AFFIRMED

 
 
 
Lisa A. Reynolds, of Charleston, for Appellant.
Jackson Seth Whipper, 
 of N. Charleston, for Respondent.
 
 
 

PER CURIAM:  Phillip Tivener appeals the 
 circuit courts ruling allowing Essien Antia-Obong an extension of time in which 
 to file an amended complaint, and for declining to grant his motion for summary 
 judgment.  We affirm. [1] 
FACTS/PROCEDURAL HISTORY
Antia-Obong filed a summons and complaint against 
 Tivener.  Tivener answered and eventually filed a motion for summary judgment 
 based upon the failure of the complaint to assert a critical element of the 
 tort.  By order dated September 13, 2002, the circuit court denied Tiveners 
 motion.  The order also granted Antia-Obong thirty days to file an amended complaint 
 to conform with discovery and properly stating cause against [Tivener] . . 
 . [i]f not, summary judgment granted.  
Antia-Obong filed an amended complaint within the 
 thirty days, but still failed to assert a critical element of the tort.  Tivener 
 submitted a proposed supplemental order to the circuit court memorializing the 
 courts previous consideration of summary judgment against Antia-Obong.  Instead 
 of granting Tiveners motion for summary judgment, the circuit court issued 
 a second order on October 17, 2002, granting Antia-Obong an additional sixty 
 days to file a proper amended complaint.  Tivener filed a motion to strike or 
 vacate the October 17 order, which the circuit court denied.  
LAW/ANALYSIS
A party may not normally appeal a court order allowing 
 a plaintiff to file an amended complaint.  Pruitt v. Bowers, 330 S.C. 
 483, 499 S.E.2d 250 (Ct. App. 1998); see Davis‑McGee Mule Co. 
 v. Marett, 129 S.C. 36, 37, 123 S.E. 323, 323 (1924) (No appeal can be 
 made except from a final judgment.).  This Court may consider an issue that 
 would otherwise be interlocutory where it is presented with a lower courts 
 grant of summary judgment.  See Pruitt, supra.  
Tiveners appeal is interlocutory as it attempts 
 to bring before this court the propriety of the trial courts order allowing 
 Antia-Obong additional time to file an amended complaint.  Further, Tiveners 
 appeal does not fall within the limited exception stated in Pruitt because 
 the trial court denied his motion for summary judgment.  Holloman v. McAllister, 
 289 S.C. 183, 345 S.E.2d 728 (1986) (a party may not appeal an order denying 
 summary judgment).
Tivener attempts to overcome this hurdle by arguing 
 the courts September 13th ruling automatically granted summary judgment in 
 the event Antia-Obong failed to file a conforming amended complaint. We do not 
 construe the September 13th order as automatically granting summary judgment, 
 nor did Tivener at the time, as is evidenced by the fact that he requested another 
 order granting summary judgment.  
Tiveners central argument is the trial judge violated 
 provisions of Rule 59 by sua sponte altering its earlier order.  
 As such, Tivener requests this court to require the trial court to enforce its 
 September 13th order by finding Antia-Obong failed to properly amend the complaint 
 thus triggering approval of Tiveners motion for summary judgment.  We decline 
 to do so.
Although Tivener correctly states the premise of 
 Rule 59 and the law relating to the authority of the court to modify final judgments, 
 he misapplies it to the facts of this case.  Rule 59 applies to final appealable 
 judgments, and the trial courts September 13th order was not an order granting 
 final judgment.  Instead, it was an order denying summary judgment, granting 
 an extension for Antia-Obong to file an amended complaint, and essentially containing 
 a warning as to the consequences of a failure to do so.  
As the order was not a final order of judgment 
 the trial court is not barred from sua sponte altering its previous 
 ruling.  Accordingly, we are without power to command the trial court to grant 
 the summary judgment it warned of in its September 13th order. 
 [2]   
AFFIRMED.
HUFF, STILWELL, and BEATTY, JJ., concur.

 
 [1]         We decide this case without oral 
 argument pursuant to Rule 215, SCACR.

 
 [2]        In his appeal Tivener queries whether the 
 court err[ed] in reversing its grant of summary judgment in favor of the defendant?  
 As we noted before, the trial court denied Tiveners motion for summary judgment 
 and such matters are not normally proper for appellate review.  See 
 Holloman, supra.