15017

LEEK v. NEW SOUTH EXPRESS LINES

(7 S. E. (2d), 459)

528

November, 1938.

*Messrs. Tobias & Turner*, for appellant,

*Messrs. Frank A. Graham, Jr.*, and *Paul A. Cooper*, for respondent,

February 16, 1940.

The opinion of the Court was delivered by MR. JUSTICE FISHBURNE.

On February 7, 1938, about 6 :30 in the morning, a heavily loaded truck of the defendant and a passenger automobile operated by plaintiff's decedent, B. D. Russell, collided on U. S. Highway No. 1 at a point four miles East of the Town of Leesville, in Lexington County. At the time of the accident the vehicles were traveling in opposite directions, the truck going West, towards Augusta, and the car going East, toward Columbia. The car of the deceased was driven and occupied by him alone. The truck of the defendant was operated by its agent and servant, one Winningham, who also was alone. As a result of the accident Russell sustained injuries from which he died within a half hour, without having regained consciousness.

This action for the recovery of damages was brought against the defendant by the administrator of Russell, under Lord Campbell's Act, for the benefit of the wife and child of the deceased. There are several specifications of negligence, but the case was tried upon the allegation and theory that the defendant's agent and servant drove the truck to its left of the center line of the highway and into the automobile occupied by the decedent, and that the death of Mr. Russell was caused directly and proximately by this wrongful and negligent act. The trial resulted in a verdict for the plaintiff for actual damages.

Error is assigned to the lower Court because of its refusal to grant a nonsuit and directed verdict in favor of the defendant. The motions therefor were made upon the ground that there was a total failure of evidence tending to show actionable negligence on the part of the defendant. Later, a motion for a new trial upon this ground, and upon the additional ground that the death of plaintiff's intestate was caused by his own contributory negligence, was denied.

The truck driver was the only surviving eyewitness to the accident. In the proof of his case the plaintiff was neces-

sarily confined to circumstantial evidence alone, and it is the contention of the defendant that this evidence completely failed to prove any actionable negligence on its part, but on the contrary shows that the death of Mr. Russell was brought about by his contributory negligence.

The plaintiff's witness, J. T. Miller, testified that on the morning in question he was driving his car en route to the City of Columbia, where he had employment as a carpenter; that the morning was cold and foggy; that he turned into the highway shortly before 6:30 o'clock, and saw the tail light of another car ahead of him, which it later developed was the car driven by Russell, also headed toward Columbia. He said that both cars were traveling at about thirty miles per hour, and that throughout the six miles he followed the Russell car, until he lost sight of it a few seconds before it collided with defendant's truck, its tail light showed it to be on the right of the center of the road.

Just before the place of the accident is reached the grade of the road rises over a low hill, and then curves to the left, in the direction in which the Russell car and the Miller car were traveling. Miller said that he lost sight of the tail light of the Russell car when it passed over the crest of this hill and entered upon the curve. He did not see it again until after it had collided with defendant's truck at a point about one hundred yards beyond the hill. He was close enough to hear the crash of the collision, and as he came within about 75 yards of the place where the vehicles came together, the defendant's truck, moving very slowly and apparently about to stop, met and passed him. When the witness reached the scene of the accident a few seconds thereafter, he found the car of the decedent upright on its extreme right hand side of the highway, practically in the ditch, with its left front wheel still on the paved portion of the road. Mr. Russell was unconscious, and, as stated, died within a half hour at the Leesville hospital. This witness stated that when the rear light of the Russell car disappeared from his view over the brow of the hill, the car was on the

right hand side of the center of the highway. According to Miller, Mr. Winningham, the truck driver, after parking his truck, reached the scene shortly after he did, and requested him to take Mr. Russell to the Leesville hospital, but he declined because the back seat of his car was out, and his tools filled the space. He then left for Columbia, before the injured man was moved.

Plaintiff's witness, J. H. Miller, was riding in the automobile with his cousin, the witness, J. T. Miller, and corroborated the latter's testimony as to the speed of the Russel car, and with respect to the fact that the Russell car was on its right of the center of the highway as shown by the rear light, and continued so until it was lost to sight as it crossed over the hill. This witness also testified that when he and his cousin reached the scene of the accident the car of the decedent was on its extreme right hand side of the highway.

Q. P. Lybrand was a witness for the plaintiff. He lived about 200 yards from the scene of the accident, and, accompanied by Mr. V. M. Risinger, reached the spot within a few minutes after it occurred. With the help of Risinger and Winningham, he extricated Mr. Russell from his wrecked automobile, and at the request of Mr. Winningham, he and Risinger took him to the hospital at Leesville in Mr. Lybrand's car, after which they returned immediately to the place of the collision. Mr. Lybrand corroborated the other witnesses as to the position of decedent's car, and testified as to the physical condition of the autombile and the truck, and the angle at which they came together. He said that the glass from the left hand window by the driver's seat had been broken out of the automobile; that the glass had been broken from the window on the left hand side by the driver's seat on the truck, and that the rear view mirror on that side was broken and pressed back. He further said that while fragments of glass were scattered all over the road, the majority of it was from one and a half to three feet over the center of the highway,—that is, on Mr.

Russell's side of the road. He stated that he looked for tracks of the truck and of the automobile on the highway, which was damp from the fog, but could discover no distinguishable marks or tracks of any kind with reference to either vehicle.

The truck of the defendant consisted of a cab and a box-like van which the witness called an enclosed trailer. This trailer was about seven and one-half feet wide, 20 feet long, and 10 or 12 feet high, with four duplex wheels. The truck itself had two additional wheels on the front.

Two photographs of the automobile and the truck were introduced in evidence, showing the front and the side views. These photographs show that the collision was not head-on, but that the vehicles met and came together at an angle, and, according to the testimony, the car moved on about fifteen yards from the point of the collision, coming to rest with its left front wheel on the paving. The side of the left-hand front fender of the car, beginning at a point about two inches from the front, was crushed in towards the wheel, and the left rear fender was forced in toward the body. The main force of the blow delivered to the car, as testified to by Mr. Lybrand and as shown by the photographs, was directed to the middle of the left-hand side by the driver's seat, partially crushing in the door on that side, and a portion of the top. It is conceded that this portion of the car was struck by the left-hand front corner of the van which projected beyond the cab of the truck. The left front fender of the truck was dented on its outside edge, and that portion of the fender over the wheel was crushed in.

For the defense of the driver of the truck, Mr. Winningham, contradicted the testimony of the Millers—that is, that the collision took place upon the curve. He testified that the truck had gotten completely out of the curve and had proceeded 25 or 30 yards on the straight-away when the collision occurred. Describing the accident, he said: "The car came around over the crest of the hill with the lights over to the middle of the road. After it come over that hill,

on this straight-away some distance—a good little distance, it went back—the lights of the car went back to the right side of the road. He came on for just a little piece that way, and when the car got within twenty-five yards—not over thirty yards—of me, I was then watching the extreme right-hand side of the road, to see that I didn't get off the pavement on that shoulder—I noticed this car kind of come back to me, and it just continued to come, and it wasn't hardly an instant until it traveled the twenty-five yards there, until it hit the front of the truck—or side of the truck —it wasn't the front." This witness testified that the truck prior to and at the time of the accident, was on its own extreme right hand side of the highway, to the right of the center, and that it never deviated therefrom.

For the defense, Mr. King, a State Highway Patrolman, and Mr. I. W. Pittman, a traveling salesman, testified that they examined the highway within a half hour after the accident, but found no tracks of the automobile. They testified that they discovered the track of the right rear duplex wheel of the truck above the point where the accident occurred, and traced it to the scene of the wreck, and beyond, to a point where the truck had parked, and that this truck, throughout this distance, was three or four inches from the right-hand edge of the paved highway, on the side the truck was traveling. Mr. Pittman also said that prior to the examination several cars had passed along the road, but had not obliterated the track of defendant's truck.

The testimony for the plaintiff shows that the truck was traveling upon the inside of the curve, and the decedent's car was traveling on the outside of the curve. There is no evidence that the truck was operated at an unlawful speed, or that it was of unlawful size. The paved highway was twenty feet in width.

The theory of the plaintiff is that the truck at the time of the accident was over to its left of the center of the highway when it came in contact with and sideswiped the decedent's car. The defense sought to establish the theory that the dec-

edent's car veered to its left over the center line, and side-swiped the truck.

The rule of criminal law that where circumstantial evidence is relied upon, the facts proved must be such as to preclude every other hypothesis but the guilt of the accused, does not apply in civil cases. In civil actions every other reasonable conclusion need not be excluded; proof of circumstances warranting a given inference is sufficient in such cases. Annotation, 97 Am. St. Rep., 802.

The right to recover on circumstantial evidence for death resulting from another's negligence depends upon the reasonable and logical connection such proof establishes between the death and the negligent act alleged to have caused it. It is incumbent upon the plaintiff, in the absence of direct evidence, to show the existence of such circumstances as would justify the inference that the injury which caused the death was due to the wrongful act of the defendant, and not leave the question to mere speculation or conjecture. The facts and circumstances shown should be reckoned with in the light of ordinary experience and such conclusions deduced therefrom as common sense dictates, 16 Am. Jur. Sec. 328, page 222. *Settle v. St. Louis & San Francisco R. Co.,* 127 Mo., 336, 30 S. W., 125, 48 Am. St. Rep., 633; *Anderson v. Asphalt Distributing Co.,* Mo. Sup., 55 S. W. (2d), 688, 86 A. L. R., 1033; *Paine v. Gamble Stores,* 202 Minn., 462, 279 N. W., 257, 116 A. L. R., 407; *Louisville Trust Co. v. Morgan,* 180 Ky., 609, 203 S. W., 555, 7 A. L. R., 396; *Leon v. Kitchen Bros. Hotel Co.,* 134 Neb., 137, 277 N. W., 823, 115 A. L. R., 1078; 20 Amer, Jur., Section 272, page 259, 20 Amer, Jur., Section 1189, 1041.

In overruling the motions for nonsuit and directed verdict, the lower Cuort adverted to and stated in substance the foregoing principles of law with reference to circumstantial evidence, and concluded that a reasonable inference could be drawn therefrom that the truck was on the wrong side of the road.

As we view the evidence, the testimony of J. T. Miller and J. H. Miller, which is pointed to by the respondent as tending to show that the Russell car was on its right of the center of the highway at the instant of collision, has no probative value. They had lost sight of the car for a distance of 100 yards or more before the collision occurred. Therefore all that is left in the plaintiff's case from which to determine that the truck was on its left of the center when the collision occurred, is the evidence concerning the broken glass, and the fact that the car came to rest on its own side of the highway.

The plaintiff was bound to show something more than that the defendant was possibly responsible for the decedent's death, in order to entitle him to a verdict. The burden was upon him, in the absence of positive evidence of that fact, to show not only the existence of such possible responsibility, but proof of circumstances which would furnish a reasonable basis for the inference by the jury of the ultimate fact that the death was caused by the wrongful act of the defendant in driving its truck upon the wrong side of the road. And this, in our opinion, he has not done.

When the heavy body of the van and the comparatively light motor car came in violent collision at an angle, as shown by the evidence, the force and the direction of the blow given by the truck was to its left, and the lighter vehicle and the glass could reasonably have been projected in no other direction than to the left of the truck. No other avenue or way was open to it, and this would have resulted if the truck had been on its own side of the road. It cannot reasonably be deduced from the fact that the car was knocked to the right edge of the paving and a majority of the glass was found from a foot and a half to three feet to the left of the center in the direction the truck was traveling, that the truck was over on the left of the center. To so conclude, in the light of ordinary experience, it would be necessary to indulge in sheer speculation. Considering all of the

evidence offered for the plaintiff and the defense, we think a verdict should have been directed for the defendant.

Other questions have been raised by the exceptions, but they become academic in view of the conclusion reached by us.

Judgment reversed, and case remanded for entry of judgment in favor of defendant.

MR. CHIEF JUSTICE BONHAM and MESSRS. JUSTICES CARTER and BAKER concur.