20714

FIELDING HOME FOR FUNERALS, as Assignee for the Life Insurance Policy of Debra Green, Appellant, v. PUBLIC SAVINGS LIFE INSURANCE COMPANY, Respondent.

(245 S. E. (2d) 238) .

118

*Anthony B. O'Neill,* of *Fielding & O'Neill,* Charleston, for *appellant.*

*James A. Stuckey, Jr.,* of *Stuckey & Wise,* Charleston, for *respondent.*

June 15, 1978.

RHODES, Justice:

The sole question presented on this appeal is whether, from the fact of a person answering a telephone at a business establishment and undertaking to respond in regard to its general business, it can be presumed that the person is authorized to speak for the business with regard to the matter under inquiry even though the caller cannot identify the person by name. Finding that such a presumption arises, we reverse the action of the trial judge in nonsuiting the plaintiff-appellant.[1]

The appellant brought suit to collect the proceeds of a life insurance policy from the respondent insurance company. Although it is undisputed that the policy had lapsed prior to the death of the named insured due to non-payment of premiums, the appellant contends in its complaint that the respondent is estopped to assert the lapse of the policy since it had represented to appellant that the policy was in force and, as a consequence of reliance on such representation, the appellant acted to its detriment.

The appellant accepted assignment of the proceeds of the policy from the beneficiary as payment for the funeral and

---

[1] Although the respondent has correctly pointed out that the appellant has failed to technically comply with the requirements of this Court pertaining to the drawing of exceptions and questions presented, we do not feel this noncompliance warrants dismissal. The appellant has presented a meritorious assignment of prejudicial error and we have had no difficulty in readily ascertaining the precise point at issue. See *Brady v. Brady,* 222 S. C. 242, 72 S. E. (2d) 193 (1952).

burial expenses of the insured. At trial, the appellant sought to establish that prior to accepting assignment of the policy in question, it had been informed by the respondent that the policy was in force. As its first witness, appellant called one of its former employees who testified that, at the time of her employment with the appellant (some five years prior), she had been secretary and insurance clerk. As part of her duties, she had called the respondent insurance company on the telephone to ascertain whether the policy in question was in force and was informed by the person answering that it was. As to the identity of the person with whom the witness had spoken over the telephone, the following exchange took place:

Q. Do you know the name of the person you spoke to at the Public Savings Life Insurance Company?

A. I used to know their names when I was employed at Fielding, but it's been quite a while so I do not know at this time. I knew several persons there but I can't recall the names.

Q. Had you spoken to this person on any occasions prior to the time you set about to ascertain whether this policy was in force?

A. Yes.

After determining that the appellant had no other evidence to offer on the issue of the alleged representation, the trial judge granted the respondent's motion for an involuntary nonsuit on the ground that, appellant's witness being unable to more specifically identify the person with whom she had spoken, the evidence was not sufficient to show that the person had any authority to respond to appellant's inquiry.

When the defendant makes a motion for an involuntary nonsuit, it is incumbent upon the trial judge, and this Court on appeal, to view the evidence and all inferences arising therefrom in the light most favorable to the plaintiff. *Player v. Thompson,* 259 S. C. 600, 193 S. E. (2d) 531 (1972). If the inferences from the plaintiff's

evidence, when viewed in the light most favorable to him, are such as would support a verdict, a nonsuit is improper. *See, Id.*

The trial judge in the present case concluded that the establishment of the identity of the person called was essential to creation of a presumption that the person was acting for the respondent. Thus, the issue of whether nonsuit was proper or improper depends upon whether a presumption to speak for the respondent can arise even though the person called is not identified by name.

In *Gilliland & Gaffney v. Southern Ry. Co.,* 85 S. C. 26, 67 S. E. 20 (1910), one of the questions before the court was "whether one who answers a telephone call from the place of business of the person called for, and undertakes to respond as the agent, is presumed to speak for him in respect to matters of the general business carried on by such person at that place," 67 S. E. at 24. This Court stated:

The authorities are not in accord, but we think the weight of reason and authority is in favor of such presumption. Those who install telephones in their places of business in connection with a telephone exchange, and use them for business purposes, impliedly invite the business world to use that means of communicating with them with respect to the business there carried on; and the presumption is that they authorize communications made over the telephone in ordinary business transactions. [Citations omitted.] . . . The presumption that the person who answers is authorized to speak may be very slight or strong, according to the circumstances, but the statements of such persons should be admitted in evidence as *prima facie* the statements of one having authority to speak. It is important to observe that the presumption extends only to communications relating to the usual business carried on at the place from which the telephone communication comes. . . . Some authorities hold such communications not competent unless the witness identified the voice as that of an employe [sic] in the place of business of the party

to be charged. [Citation omitted.] We do not think such identification necessary . . ..

*Id; see, Cohen v. Standard Accident Ins. Co.,* 194 S. C. 533, 9 S. E. 2d 222 (1940).

> ■ *Gilliland* is still the law of this state and, in our opinion, is a sound decision. As *Gilliland* states, a business, by installing a telephone and impliedly inviting its use for business communications, creates a *prima facie* presumption that the person who answers and responds in regard to matters related to its ordinary business, is authorized to speak in such matters. In such cases the caller is dealing, in essence, not with the individual, but with the particular business establishment. Thus, the true concern is with the identity of the place of business and not that of a particular individual. 29 Am. Jur. (2d), Evidence § 382 (1967).

The respondent, however, contends that *Gilliland* is distinguishable because the caller in that case "testified that he recognized the voice as that of a clerk in defendant's office," 67 S. E. at 24. While we disagree that *Gilliland* turned on this circumstance, even if it had, respondent could not prevail. As the excerpt from the testimony indicates, the appellant's witness, although unable to identify the person with whom she spoke by name, did recognize the voice of the particular person involved and it can be reasonably inferred from the context of the testimony that such prior conversation occurred while transacting business with the office of respondent.

Finding that the trial judge erred in granting nonsuit, we reverse.

Reversed.

LEWIS, C. J., and LITTLEJOHN and GREGORY, JJ., concur.

NESS, J., concurs in result only.

NESS, Justice (concurring in result) :

In accordance with the view I expressed in my concurring opinion in *McQuaig v. Brown,* Opinion No. 20652, Smith's Advance Sheets 3/21/78 regarding the drawing of exceptions, I concur in result only.