0014

John A. GIBSON, Appellant, v. Michael Lawrence GROSS, Respondent.
(311 S. E. (2d) 736)

Court of Appeals

*C. D. Hopkins, Jr.*, Hanahan, *for appellant.*

*Bachman S. Smith, III*, of *Brockinton, Brockinton & Smith*, Charleston, *for respondent.*

Rehearing Denied Jan. 25, 1984.

Dec. 5, 1983.

CURETON, Judge:

Appellant John Gibson appeals from the order of the trial judge granting Respondent's motion for involuntary nonsuit against Appellant's claim for damages for personal injuries. We affirm.

Respondent Gross was involved in an automobile accident with a car driven by Newland. Gibson, a passer-by, noticed an argument in progress between Gross and Bennett (another driver at the scene who alleged that Gross' car had also hit his car) and stopped his vehicle to intervene to break-up the altercation, Gross' car had just struck a telephone pole and as his car bounced off the pole and moved back across the road, it collided with the car driven by Newland and finally came to rest upon the traveled portion of the highway. After Gross' car came to a rest on the paved portion of the highway, he did not place warning devices in or near his car or otherwise warn others of the dangerous condition he had created.

Thereafter, having apparently succeeded in halting the altercation and while standing on the highway next to Gross' vehicle, Gibson was struck by an automobile driven by Edwards. The above episode occurred within the space of a few minutes.

At the conclusion of Gibson's presentation of evidence, the trial judge granted Gross' motion for involuntary nonsuit, finding that there was no testimony from which the jury could infer that Gibson's injury was proximately caused by the negligence shown; and that "even if there was some negligence on the part of the Defendant Gross, such negligence was only an indirect or remote cause" of Gibson's injury.

In deciding a motion for an involuntary nonsuit, the trial judge, and this court on appeal, must consider the evidence in the light most favorable to the party resisting the motion. If the evidence so viewed can support a verdict, then the case must be submitted to the jury. *Fielding Home for Funerals v. Public Savings Life Insurance Company*, 271 S. C. 117, 245 S. E. (2d) 238 (1978).

Gibson argues Gross was negligent in three particulars: (1) driving while intoxicated, (2) failing to move his automobile off the highway and (3) failing to warn that his car blocked the highway. He further contends that Gross' negligence, combined with that of Edwards, was the proximate cause of his injuries.

Gross contends that the evidence shows no actionable negligence on his part. Assuming Gibson has proven every allegation of his complaint, Gross argues that Appellant Gibson caused his own injury by situating himself in a place of danger. In addition, Gross contends that if he was negligent initially as to Gibson, the later negligence of Edwards was an independent and superseding cause of Gibson's injuries.

In raising his first argument, Gibson relies on *Gray v. Barnes*, 244 S. C. 454, 137 S. E. (2d) 594 (1964), which states the general rule that if there is sufficient space for stopping off the traveled highway, a motorist is negligent if he fails to do so. Gibson also cites *Matthews v. Porter*, 239 S. C. 620, 124 S. E. (2d) 321 (1962) for the rule that a motorist whose negligence causes a highway to be blocked has a duty to warn others using the highway of the dangerous condition he has created.

Gibson maintains, then, that Gross' blocking of the highway without warning in violation of Section 56-5-2540, Code of Laws of South Carolina, 1976, establishes negligence on the part of Gross which the jury could reasonably infer proximately caused Gibson's injuries.

There can, of course, be more than one proximate cause of an accident. As stated in *Gray v. Barnes, supra,* at page 598:

The general rule is that negligence, to render a person liable, need not be the sole cause of an injury. It is sufficient that his negligence, concurring with one or more efficient causes, other than Plaintiff's, is the proximate cause of an injury. So that where several causes

combine to produce injuries, a person is not relieved from liability because he is responsible for only one of them, it being sufficient that his negligence is an efficient cause, without which the injury would not have resulted, to as great an extent, and that such other cause is not attributable to the person injured. *Culbertson v. Johnson Motor Lines*, 226, S. C. 13, 83 S. E. (2d) 338.

The injury must be the natural and probable consequence of the violation of the statute before the violation can be said to be the proximate cause of the injury. If the very injury has happened which was intended to be prevented by the statute, the injury must be considered as directly caused by the nonobservance of the law. *Ayers v. Atlantic Greyhound Corp.*, 208 S. C. 267, 37 S. E. (2d) 737 (1946); 7A Am. Jur. (2d) *Automobiles and Highway Traffic*, Section 437 (1980). We find that there was evidence that Gross violated the statute, however, Gibson's injury was not the injury intended to be prevented by the statute.

The case of *Stone v. Bethea*, 251 S. C. 157, 161 S. E. (2d) 171, 173 (1968), addresses intervening negligence as follows:

The test, therefore, by which the negligent conduct of the original wrongdoer is to be insulated as a matter of law by the independent negligent act of another, is whether the intervening act and the injury resulting therefrom are of such character that the author of the primary negligence should have reasonably foreseen and anticipated them in light of attendant circumstances. The law requires only reasonable foresight, and when the injury complained of is not reasonably foreseeable, in the exercise of due care there is no liability. One is not charged with foreseeing that which is unpredictable or that which could not be expected to happen. When the negligence appears merely to have brought about a condition of affairs, or a situation in which another and entirely independent and efficient agency intervenes to cause the injury, the latter is to be deemed the direct or proximate cause, and the former only the indirect or remote cause. *Locklear v. Southeastern Stages Inc.*, 193 S. C. 309, 8 S. E. (2d) 321.

Against this standard, we are of the opinion that the Respondent could not have been expected to foresee that he

would have by his conduct caused injury to a person in appellant's circumstances. Therefore, Gross' conduct was independent of that of Edwards whose negligence combined with that of Gibson to cause Gibson's injury.

Accordingly we affirm the order of the trial judge.

SHAW and GOOLSBY, JJ., concur.

## ON PETITION FOR REHEARING

CURETON, Judge:

Appellant, Gibson petitions this court for a rehearing of his case upon the grounds that this court overlooked controlling precedent in the cases of *Matthews v. Porter*, 329 S. C. 620, 124 S. E. (2d) 321 (1962) and *Woody v. South Carolina Power Co.*, 202 S. C. 73, 24 S. E. (2d) 121 (1943).

In *Matthews v. Porter*, Porter was involved in an automobile accident with Singletary. After the collision, Porter's and Singletary's cars *completely* blocked a lane of the highway. The Respondent then came upon the scene, stopped and offered her assistance to a physician at the scene who was administering first aid to Porter's wife. While beside the physician, Mrs. Matthews was struck by an automobile driven by McKnight. The Supreme Court affirmed the denial of Porter's motions for a nonsuit and directed verdict.

On the surface, the facts of *Matthews v. Porter* mirror the facts of this case. A crucial difference exists, however. The injured plaintiff in *Matthews* brought witnesses before the court whose testimony establishes an unbroken chain of causation from the negligent act of the defendant to the plaintiff's injuries. The second driver in the initial collision testified that Porter, the defendant, negligently caused the collision which brought about the blocked highway. The driver who struck the plaintiff as she attempted to render assistance testified that Porter's blocking of the highway without warning caused him to strike the plaintiff.

In contrast, there is no evidence in this case that Edwards struck Gibson because the highway was blocked, or because warning devices failed to warn him of the highway's condition. In fact, the evidence suggests that Gross' car blocked only one lane of a four lane highway. In short Gibson failed to

establish that his injuries were proximately caused by Gross' negligence.

Likewise, we view the *Woody* case as consistent with our ruling herein. There, a truck driver struck a utility pole carrying power lines. The power lines sagged and one became hooked under Appellant Woody's car shortly thereafter. When Woody attempted to leave his car to untangle the line, his dog jumped out of the car. As its front feet touched the ground, a part of the dog came in contact with Woody who had one foot on the running board of the car. He was injured by electric shock. The trial court directed a verdict in favor of the Power Company. The intervening negligence of the truck driver, like the intervening negligence of Gibson and Edwards herein was found to be the proximate cause of Woody's injuries.

We find the language of *Horton v. Greyhound Corp.*, 241 S. C. 430, 128 S. E. (2d) 776 (1962) apposite:

> "It is incumbent upon the plaintiff, in the absence of direct evidence, to show the existence of such circumstances as would justify the inference that the injury [...] was due to the wrongful act of the defendant, and not leave the question to mere speculation or conjecture." *Leek v. New South Express Lines*, 192 S. C. 527, 7 S. E. (2d) 459 .... However, where the only reasonable inference from the evidence is that there has been a failure of proof as to a material element of plaintiff's cause of action, it becomes the duty of the court to resolve th.' issue against the party having the burden of proof. ...

*Id.* 128 S. E. (2d) at 780.

For the reasons given, we deny the appellant Gibson's petition for a rehearing.

Let this Order be reported with the opinion of the Court in this case.

Petition for rehearing denied.

SHAW and GOOLSBY, JJ., concur.