1443

OCONEE ROLLER MILLS, INC., Respondent v. Dr. John SPITZER, Appellant. George Edward HARRISON, Respondent v. Dr. John SPITZER, Appellant.

(387 S. E. (2d) 718)

Court of Appeals

*W. H. Arnold* and *Jack D. Griffeth,* both of *Love, Thornton, Arnold & Thomason,* Greenville, *for appellant.*

*Steven M. Krause,* of *Epps, Krause & Nicholson,* Anderson, *for respondents.*

Heard Dec. 11, 1989.

Decided Jan. 2, 1990.

CURETON, Judge:

This is a negligence case involving an accident between a tractor-trailer and a farm animal. The jury awarded damages for personal injury to the driver and property loss to the owner of the truck. The appellant, owner of the animal, appeals the verdicts. We affirm.

The accident occurred in the early morning hours of June 3, 1986. George Harrison was employed by Oconee Roller Mills Inc. as a truck driver. He left the plant at approximately 4:30 a.m. driving a tractor-trailer truck owned by Oconee. Approximately six miles from the plant Harrison encountered a heifer owned by Dr. John Spitzer. The animal wandered into the road and Harrison lost control of the truck trying to avoid it. The accident occurred in the flat between two hills. Ground fog had entered the flat from a nearby swampy area. Harrison was traveling fifty-five miles per hour at the time of the accident.

Dr. Spitzer admitted the cow belonged to him. Dr. Spitzer had fences around his farm and a cattle guard in the road leading to his home. The theory of the case was that the cattle guard had deteriorated and was not effective to retain the cattle in the pasture. Both sides introduced numerous photographs of the cattle guard. There was conflicting testimony about its condition. The trial court admitted, over objection, testimony about a prior escape of cattle from the Spitzer farm.

The first issue is the admission of the evidence of the prior escape of cows. The timing of the escape was disputed. It either occurred in October of 1984 or 1985. A neighbor testified the cows were found wandering outside the Spitzer farm and were herded back by several people. He also testified one of the cows crossed back over the cattle guard. Dr. Spitzer testified the cow was forced over the guard.

Dr. Spitzer objected to this evidence on the ground the incident did not involve the same cow. The court admitted the evidence finding the prior incident was close enough in time to the accident. We assume Dr. Spitzer was objecting to the relevance of the prior escape. Evidence is relevant and admissible if it tends to establish or make more or less probable some matter in issue and to bear directly or indirectly on the matter. *State v. Finley,* 387 S. E. (2d) 88 (S. C. 1989). A ruling on the admission of evidence is within the sound discretion of the trial judge and will not be disturbed absent an abuse of discretion and a showing of prejudice. *Vaughn v. City of Anderson,* 386 S. E. (2d) 297 (S. C. Ct. App. 1989). Evidence of similar acts is admissible in this state where there is some special relation between them which would tend to prove or disprove some fact in dispute. *Reed v. Clark,* 277 S. C. 310, 286 S. E. (2d) 384 (1982) (prior escapes of horses). We find no error in the admission of the evidence of the prior escape. One witness testified the incident occurred within nine months of the accident. The jury could assess the relevance of the evidence as it pertained to the issue of negligence in guarding the cattle. There is no requirement that the prior incident involve the same animal.

Counsel for Dr. Spitzer also objected to the jury charge in two respects. First, he asserts the court erred in charging *S. C. Code Ann.* Section 47-7-110 (Rev. 1987). The court explained the statute did not impose absolute liability upon the owner of livestock but required negligence in permitting the animal to stray. The court also charged a motor vehicle code section relating to reduced speeds. After a charge on circumstantial and direct evidence the judge referred back to the statutes he had previously charged and stated violation of the statutes constituted neg-

ligence per se. Appellant's counsel objected to the second portion of the charge indicating it appeared to impose liability under the statute by mere presence of the animal in the road. We have reviewed the entire jury charge and find no error when it is considered as a whole. *See Clark v. Ross,* 284 S. C. 543, 328 S. E. (2d) 91 (Ct. App. 1985).

Dr. Spitzer also objected to the failure of the court to specifically charge that the evidence in the case included answers to interrogatories. Counsel had used an answer to an interrogatory in his cross examination of the driver to impeach or contradict the driver's testimony about the application of brakes. The court charged the jury the evidence in the case consisted of the testimony given under oath and the exhibits introduced by the parties. This charge adequately explained the nature of the evidence to the jury. We find no prejudice to the appellant as the answer to the interrogatory was fully utilized in the testimony.

Dr. Spitzer also argues the court erred in failing to grant his motions for directed verdict and judgment notwithstanding the verdict. In ruling on those motions the trial court is required to view the evidence and the inferences which can reasonably be drawn from it in the light most favorable to the party opposing the motion. The motions should be denied if more than one inference can be drawn from the evidence. This court will not reverse a decision of the trier of fact if there is any evidence to support that decision. *Vaughn v. City of Anderson,* 386 S. E. (2d) 297 (S. C. Ct. App. 1989).

The case was tried under the theory of *S. C. Code Ann.* Section 47-7-110 (Rev. 1987). The statute has been interpreted not to impose an absolute duty on an owner to prevent escape of livestock. Rather, evidence of negligence in permitting animals to stray must be presented. *McCullough v. Gatch,* 251 S. C. 171, 161 S. E. (2d) 182 (1968); *Reed v. Clark,* 277 S. C. 310, 286 S. E. (2d) 384 (1982).

Dr. Spitzer argues there was no evidence of negligence on his part and, even if there was, the driver of the truck was contributorily negligent as a matter of law. We find these matters were jury issues. The jury had to decide whether Dr. Spitzer adequately maintained his fences and cattle guard as the evidence was conflicting. Likewise, the jury had to

decide if Mr. Harrison was driving the truck too fast for conditions on the morning of the accident when he encountered the fog and the cow. These matters were for the jury based upon its assessment of the evidence and the credibility of the witnesses.

We have also considered Dr. Spitzer's argument relating to settlement of the record and we find no error. *See State v. Sumpter*, 288 S. C. 574, 344 S. E. (2d) 148 (1986) (no error to include all trial testimony where issue on appeal involves a motion for directed verdict or a question on the sufficiency of the evidence).

Affirmed.

SHAW and BELL, JJ., concur.